**UNITED STATES of America,**
**Appellee,**

v.

**Murad KHAN, aka "Sajid Ali,"**
**Defendant–Appellant.**

**Docket No. 02–1063.**

United States Court of Appeals,
Second Circuit.

Nov. 1, 2002.

David A. Lewis, The Legal Aid Society, for Defendant–Appellant.

E. Dayna Perry, Assistant United States Attorney, Southern District of New York, for the Appellee.

Present THOMAS J. MESKILL, JON O. NEWMAN and ROSEMARY S. POOLER, Circuit Judges.

### SUMMARY ORDER

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and it hereby is **AFFIRMED.**

On August 20, 2001, Murad Khan pleaded guilty to a one-count information charging him with conspiracy to distribute and to possess with intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. § 846. The parties stipulated that Khan's total offense level was 27 and that his criminal history was I, resulting in a Sentencing Guideline range of 70 to 87 months of incarceration. At sentencing, defense counsel argued that the district court should impose a sentence at the bottom of the guideline range, because Khan had otherwise been successful since immigrating to the United States from Pakistan. In response, the district court stated:

I am not trying to be punitive but you can't help but observe that you, Mr. Khan, came to this country to improve your life and that of your family and to

30

go to school here.... [Y]ou were welcomed here just like other people are who come from other countries, but ... you ... abuse[d] that privilege and ... endanger[ed] the citizens who live here through the distribution of heroin.

The district court noted that Khan had not committed a "casual, innocent offense," as he had been involved in an international conspiracy to distribute heroin. Moreover, the court stated that Khan had disgraced himself and his family by selling heroin and endangering the community. The court expressed its intention to impose a sentence in the middle of the Guideline range.

Defense counsel objected, arguing that the district court had unlawfully considered Khan's status as an immigrant in determining his sentence. The district court explained that the sentence had nothing to do with Khan's race or national origin, but rather the nature and seriousness of the offense, and imposed a sentence of 78 months' imprisonment. On appeal, Khan argues that his sentence should be vacated because it was based upon an unconstitutional consideration, *viz.*, the fact that he had immigrated to the United States from Pakistan.

The facts in this case do not evidence a constitutional violation. The record clearly indicates that the district court's decision to impose a sentence in the middle of the guideline range was based upon the elaborate nature of the heroin conspiracy and the impact that Khan's activities had upon the community. The district court's observation that Khan "disgraced and abused himself, his family, the New York community, and the Pakistan community" and "abused the trust of the people of New York" refers only to the fact that Khan endangered the community by trafficking in heroin. Moreover, the district court's suggestion that Khan abused the opportunities afforded to him by this country was

in direct response to defense counsel's suggestion that Khan had otherwise shown great potential since immigrating to the United States. Viewed in context, the district court's comments were nothing more than passing references to Khan's immigration status, which by themselves are not sufficient grounds for vacating a defendant's sentence. *See United States v. Jacobson,* 15 F.3d 19, 23 (2d Cir.1994). The comments did not create the appearance that the sentence was selected to penalize Khan because of his alienage. *Cf. United States v. Leung,* 40 F.3d 577 (2d Cir.1994).

Based upon the foregoing, the judgment of the United States District Court for the Southern District of New York is **AFFIRMED.**